UNITED STATES DISTRICT COURT
FOR THE COMMONWEALTH OF MASSACHUSETTS

C.A. NO.: 04CV12381

| | |
|---|---|
| PAMELA PRIESTLY,<br>    Plaintiff | )<br>)<br>) |
| VS. | )<br>) |
| KAREN L. ZAFFIRO and<br>LIBERTY MUTUAL INSURANCE<br>COMPANY<br>    Defendants | )<br>)<br>)<br>) |

## DEFENDANT LIBERTY MUTUAL UNSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S CAUSE OF ACTION PURSUANT TO FED. R. CIV. P. RULE 12(b)(1) AND RULE 12(b)(2).

Now comes the defendant, Liberty Mutual Insurance Company and hereby requests this Honorable Court to grant its Motion to Dismiss Plaintiff's Cause of Action for lack of subject matter pursuant to Fed. R. Civ. P. Rule 12(b)(1) and for lack of personal jurisdiction over this defendant pursuant to Rule 12(b)(2).

For a federal court to have original jurisdiction, there must be both diversity of citizenship between all the parties and the amount in controversy must exceed $75,000, exclusive of costs. 28 U.S.C. § 1332(a); Stewart v. Tupperware Corp., 356 F.3d 335 (1st Cir. 2004); Hampton Properties v. Eresian, 2004 WL 1690383 (Mass.Super). The burden is on the plaintiff to claim the amount-in-controversy and show that it meets the minimum requirement necessary for a federal court to have subject matter jurisdiction. Stewart, 356 F.3d at 339; Business Buyers of New England, Inc. v. Gurham, 754 F.2d 1 (Me. 1985); Lee-Wilson, Inc., v. General Electric Co., 222 F.2d 850 (Mass. 1955). If the amount in controversy is challenged by the opposing party, the burden remains on the plaintiff, as the party seeking federal jurisdiction, to allege "with sufficient particularity

facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Id., (quoting Dep't of Recreation and Sports v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991)).

In the case at bar, the plaintiff has failed to allege any amount-in-controversy in her complaint. The plaintiff has not met her burden of showing that the amount in controversy meets the minimum jurisdictional requirement. For these reasons, the requirements for federal jurisdiction, diversity in citizenship and $75,000 minimum amount in controversy, have not been satisfied and the plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

The plaintiff's complaint should also be dismissed for lack of personal jurisdiction over the defendant pursuant to Fed. R. Civ. P. Rule 12(b)(2). In order for this court to have personal jurisdiction over the defendant, the plaintiff must allege in its complaint that she sent a 30-day demand letter to the defendant, which is a prerequisite to bringing a claim under M.G.L. ch. 93A, §9. McMahon v. Digital Equipment Corp., 944 F.Supp 70 (D. Mass. 1996); Entrialgo c. Twin City Dodge, 368 Mass. 812 (1975). The thirty day requirement must be alleged and proved. York v. Sullivan, 369 Mass. 157 (1975); see Linthicum v. Archambault, 379 Mass. 381 (1979). Failure to allege and send a 30-day demand letter is fatal on a motion to dismiss. McMahon, 944 F. Supp at 77; City of Boston v. Aenta Life Ins.Co., 35 Mass.App.Ct. 318 (1993). The plaintiff fails to allege she sent a 30-day demand letter under 93A and that thirty days had passed before the filing of its complaint.

For the foregoing reasons, the defendant respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Cause of Action for her failure to allege

subject matter jurisdiction under Rule 12(b)(1) and personal jurisdiction under Rule 12(b)(2).

                Respectfully submitted,
                Liberty Mutual Insurance Company,
                By their attorney,

                Gina M. Cummings
                Black, Ćetković & Whitestone
                200 Berkeley Street
                Boston, MA 02116
                (617) 236-1900
                BBO# 634280

## CERTIFICATE OF SERVICE

    I, Gina M. Cummings, hereby certify that I have mailed the foregoing document, postage prepaid, to:

Damon Scarano, Esq.
60 Commercial Wharf
Boston, MA  02110

Garry V. Inge, Esq.
Kaufmann & Durant
Ste 110
10 New England Business Ctr.
Andover MA  01810

DATED: 12/29/04

Gina M. Cummings